# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOSEPH M. CASTILLO,

      Plaintiff,

v.                                               No. 17cv540 JCH/SCY

NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS and
NEW MEXICO MOTOR VEHICLE DIVISION,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed May 10, 2017, on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 10, 2017 ("Application"), and on his Motion to Appoint Counsel, Doc. 5, filed May 15, 2017. For the reasons stated below, the Court will **GRANT** Plaintiff's Application to proceed *in forma pauperis*, **DENY** Plaintiff's Motion to Appoint Counsel, and **DISMISS** Plaintiff's Complaint **without prejudice.** Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of

> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and provided the following information: (i) his average monthly income during the past 12 months was $194.00 in food stamps; (ii) his monthly expenses are $1,364.00; (iii) he has no cash and no money in bank accounts; and (iv) he is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because he is unemployed, and his monthly expenses exceed his monthly income by $1,170.00.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such

relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Complaint consists of four pages of largely unintelligible ramblings. *See* Complaint at 2, 33-36. The remainder of the Complaint consists of copies of various documents. The Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, or a demand for the relief sought, as required by Fed. R. Civ. P. 8(a).

The Court will dismiss the Complaint for lack of jurisdiction and for failure to state a claim. Plaintiff shall have 21 days from entry of this Order to file an amended complaint.

Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which shows this Court has jurisdiction and states a claim, and which includes the addresses of every defendant named in the amended complaint.

**Appointment of Counsel**

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). "Factors to be considered in deciding whether to appoint counsel [in a civil case] include the merits of the claims, the nature of the factual issues raised in the claims, the litigant's ability to present the claims, and the complexity of the legal issues raised by the claims." *Spencer v. City of Cheyenne*, 1 Fed.Appx. 863, 865 (10th Cir. 2001). When a Plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Plaintiff's Motion to Appoint Counsel consists of eight pages which are largely

4

unintelligible, *see* Doc. 5 at 1-7 and 41, and numerous copies of other documents. The Court will deny Plaintiff's Motion to Appoint Counsel because he has not convinced the Court that there is sufficient merit to his claim to warrant the appointment of counsel.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 10, 2017, is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff's Complaint, Doc. 1, filed May 10, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, Doc. 5, filed May 15, 2017, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**