IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH M. CASTILLO,

        Plaintiff,

v.                                                 No. 17cv540 JCH/SCY

NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS and
NEW MEXICO MOTOR VEHICLE DIVISION,

        Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, Doc. 7, filed July 27, 2017.

Plaintiff's original 36-page Complaint consists of four pages of largely unintelligible ramblings with most of the remained consisting of copies of various documents. *See* Complaint at 2, 33-36. After notifying Plaintiff that the original Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, or a demand for the relief sought, as required by Fed. R. Civ. P. 8(a), the Court dismissed the Complaint for lack of jurisdiction and for failure to state a claim, and granted Plaintiff leave to file an amended complaint. *See* Doc. 6.

Plaintiff's Amended Complaint consists of 20 pages of largely unintelligible ramblings. *See* Amended Complaint at 1-17, 19, 21, 134 (pages 17 and 134 are identical). The remainder of the 134-page Amended Complaint consists of copies of various documents, some with handwritten comments. Two of those documents are dismissal orders in the Bernalillo County Metropolitan Court which state: "the Court orders that upon a completion of a Forensic Assessment concluding that the Defendant [Joseph Castillo] is presently incompetent to stand trial,

a dismissal pursuant to NMSA 1978 §31-9-1.1 is required." Complaint at 43-44 (orders dated October 26, 2016, and December 6, 2016).

Fed. R. Civ. P. 17(c)(2) states: "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." The duty to appoint a guardian ad litem or issue another appropriate order arises when a court is

> presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.

*Ferrelli v. River Manor Health Care Center*, 323 F.2d 196, 201 (2d Cir. 2003). Because Plaintiff is proceeding *in forma pauperis* the Court "shall dismiss the case at any time" if the Court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "The Tenth Circuit has not addressed the question of which obligation the district court has a duty to fulfill first: screening of the pro se complaint under §§ 1915(e)(2) and 1915A or inquiry into the pro se litigant's mental competence under rule 17(c)(2)." *Dangim v. LNU*, Doc. 21 at 7-8, filed June 2, 2017, No. 16cv812 JB/SCY (D.N.M. 2017) (Browning, J.) (discussing the split between the 2d and 3d Circuits and concluding the better reasoned approach in the context of unrepresented litigants proceeding in forma pauperis is that the inquiry into mental competence under Fed. R. Civ. P. 17(c)(2) would usually occur after the preliminary merits screening under 28 U.S.C. § 1915(e)(2)).

The Metropolitan Court orders indicate that Plaintiff was "presently incompetent" to stand

trial in October and December, 2016. There is no indication in the record that Plaintiff is currently incompetent. The Court will, therefore, screen Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e)(2).

The Amended Complaint does not contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing the pleader is entitled to relief, or a demand for the relief sought, as required by Fed. R. Civ. P. 8(a).

The Court will dismiss this case without prejudice for failure to state a claim and for lack of jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**